UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CALUS SAUNDERS,** | : | Civil Action No.: |
| **Plaintiff,** | : | |
| v. | : | |
| **KEOLIS COMMUTER SERVICES, LLC,** | : | |
| **Defendant** | : | December 27, 2021 |

## COMPLAINT

NOW COMES Calus Saunders, by and through his attorney of record, for his complaints against Defendant Keolis Commuter Services, LLC, as follows:

## THE PARTIES

1. Calus Saunders (hereinafter "Plaintiff"), is a black male individual of the full age of majority and a citizen of the State of Massachusetts, who resides at 15 Babson Street, Boston, MA 02126.

2. Keolis Commuter Services, LLC (hereinafter "Defendant" and/or "Keolis"), is located at 140 Atlantic Avenue, 5th Floor, Boston, MA 02210. Defendant was the Plaintiff's principal employer and is an employer as defined under Title VII.

## JURISDICTION AND VENUE

The jurisdiction of this court is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue is proper in the District of Massachusetts pursuant to 28

U.S.C. § 1391(b) in that the claims arose in this district and Plaintiff resides in this district.

## ADMINISTRATIVE HISTORY AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted administrative remedies. Plaintiff filed timely claims of discrimination with the Equal Employment Opportunity Commission, claim number 16C-2017-00049. The EEOC issued a Dismissal and Notice of Rights to pursue his claims in court on September 28, 2021, which was received by him in the U.S. mail on September 30, 2021.

## FACTUAL BACKGROUND
### (Relevant to all Counts)

1. Plaintiff holds approximately 19 years of industry service, but was not employed by Keolis until July of 2014, when Keolis became the contractor responsible for MBTA commuter operations and maintenance.
2. Plaintiff performed the position of Mechanical Foreman II and his job duties consisted of overseeing the maintenance and upkeep of the trains and other transportation related equipment.
3. Throughout Plaintiff's employment, he performed his position in a satisfactory manner.
4. On or about July 26, 2016, Plaintiff was working at his workstation when a subordinate, a black female Car Inspector, Bonita Abrams, approached Plaintiff from behind and struck the back of his head with her hand.

5. Her action startled the Plaintiff causing him to jump up and quickly turn around at which point the back of Plaintiff's hand hit Ms. Abrams left cheek.

6. Plaintiff immediately apologized advising Ms. Abrams that it was just a fast reaction and that he was sorry.

7. Following the above-described incident, Plaintiff on the basis of his sex and gender was held to a different standard wherein he was mandated to report for a drug test, but the female Ms. Abrams was not required to report for a drug test.

8. Plaintiff faced further disparity and discrimination wherein Plaintiff was suspended from his position pending a hearing, but the female Ms. Abrams was not suspended and continued in her employment.

9. On September 27, 2016, Plaintiff was further discriminated against on the basis of his sex/gender and race wherein he was terminated from his position, but the female Ms. Abrams remained employed, and whereas other Caucasian and/or female employees who have committed more egregious acts on the job were not terminated.

10. Upon Plaintiff's termination, a grievance was filed, which was appealed, up to and including the highest designated Defendant official, but without resolution and the matter went to Arbitration.

11. On December 13, 2019, the Arbitration Award found that with the absence of intent, Plaintiff's conduct did not warrant termination.

12. The Arbitration Award indicated that Plaintiff's dismissal shall be reduced to a disciplinary suspension of 30 calendar days and that he be reinstated to service with seniority unimpaired, and made whole for all wages and benefits lost, less the period of his suspension.

13. Upon Plaintiff's reinstatement, he was not made whole, wherein the Defendant refuses to compensate the Plaintiff for all missed overtime hours, pension contributions lost, and health insurance premium reimbursement.

## COUNT ONE
### VIOLATION OF TITLE VII ON THE BASIS OF SEX/GENDER DISCRIMINATION

14. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 13 with the same force and effect as if fully set forth herein.

15. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e *et. seq.*

16. As a direct and proximate result of Defendant's actions in violation of his rights, the Plaintiff was deprived of income, wages, pension contributions and medical insurance.

17. As a direct and proximate result of Defendant's actions in violation of his rights, the Plaintiff has suffered emotional distress.

18. As a result of said actions, Plaintiff has suffered damages and is entitled to recover all relief available under the federal statute.

## COUNT TWO
## BREACH OF ARBITRATION AWARD

19. The arbitration award reinstating the Plaintiff to his job stated the Plaintiff "shall be reinstated to service, with seniority unimpaired, and made whole for all wages and benefits lost, less the period of his suspension."

20. The Plaintiff was not made whole in that he received none of the overtime he would have earned during the period between his termination and reinstatement, and he did not receive pension contributions, and he was not reimbursed for medical insurance costs he was forced to undertake.

21. The Defendant is in breach of the arbitration award.

22. The Plaintiff is entitled to damages in the amount of the difference between what he was paid upon his reinstatement, and what he would have earned during the period of separation, plus pension contributions and medical insurance reimbursement.

## PRAYER FOR RELIEF

Wherefore Plaintiffs prays for the following:

1. Compensatory damages;

2. Emotional distress damages;

3. Punitive damages;

4. Costs and attorney fees;

5. Other relief the court deems just and equitable.

The Plaintiff,
Calus Saunders,    pro se

*[signature]*   12/28/21